UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MICHAEL L. MCKENDRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:21-CV-224-JEM |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 23]. Now before the Court are Plaintiff's Motion for Summary Judgment [Doc. 16] and Defendant's Motion for Summary Judgment [Doc. 25]. Michael L. McKendrick ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Kilolo Kijakazi ("the Commissioner"). For the reasons that follow, the Court will **DENY** Plaintiff's motion and **GRANT** the Commissioner's motion.

I.   **PROCEDURAL HISTORY**

On May 18, 2020, Plaintiff filed an application for disability insurance benefits and supplemental security income benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, claiming a period of disability that began on December 31, 2015 [Tr. 16, 144, 287–94]. After his application was denied initially and upon reconsideration, Plaintiff requested

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration ("the SSA") on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit. *See* 42 U.S.C. § 405(g).

a hearing before an ALJ [Tr. 126–64, 191–92]. A hearing was held on February 9, 2022 [Tr. 39–63]. On March 1, 2022, the ALJ found that Plaintiff was not disabled [Tr. 13–30]. The Appeals Council denied Plaintiff's request for review on April 26, 2021 [Tr. 1–3], making the ALJ's decision the final decision of the Commissioner.

Having exhausted his administrative remedies, Plaintiff filed a Complaint with this Court on June 21, 2021, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2020.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of December 31, 2015 through his date last insured of December 31, 2020 (20 CFR 404.1571 *et seq.*).
>
> 3. Through the date last insured, the claimant had the following severe impairments: degenerative disc disease; hearing loss; obesity; carpal tunnel syndrome; osteoarthritis; irritable bowel syndrome; migraines; depression; post-traumatic stress disorder (PTSD) (20 CFR 404.1520(c)).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he can occasionally climb, balance, stoop, kneel, crouch, and crawl. Handling and fingering is limited to frequent in

the bilateral upper extremities. The claimant should avoid exposure to anything more than a moderate noise intensity level, with examples including light traffic or a department store. He can perform simple tasks with customary breaks and few changes in a routine work setting. The claimant can have occasional interactions with the general public, coworkers, and supervisors.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on February 23, 1973 and was 47 years old, which is defined as a younger individual age 18-44, on the date last insured. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 404.1563).

8. The claimant has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from December 31, 2015, the alleged onset date, through December 31, 2020, the date last insured (20 CFR 404.1520(g)).

[Tr. 19–29].

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the

3

Case 3:21-cv-00224-JEM   Document 27   Filed 05/12/22   Page 3 of 14   PageID #: 2701

procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Hum. Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Additionally, the Supreme Court recently explained that "'substantial evidence' is a 'term of art,'" and "whatever the meaning of 'substantial' in other settings, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). Rather, substantial evidence "means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Hum. Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted). Furthermore,

4

the Court is not under any obligation to scour the record for errors not identified by the claimant and arguments not raised and supported in more than a perfunctory manner may be deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (noting that conclusory claims of error without further argument or authority may be considered waived).

IV.     **DISABILITY ELIGIBILITY**

"Disability" means an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual will only be considered disabled:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* § 423(d)(2)(A).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his

> past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1520(a)(4) and -(e). An RFC is the most a claimant can do despite his limitations. 20 C.F.R. § 404.1545(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

## V. ANALYSIS

Plaintiff raises two arguments on appeal and requests that the Court reverse the final decision of the Commissioner and remand this matter for a new hearing before an ALJ. First, Plaintiff contends the ALJ failed to give appropriate weight and consideration to the finding of the Department of Veterans Affairs ("VA") that Plaintiff was 100% individually unemployable, which would have supported a finding that Plaintiff was disabled under the SSA's rules and regulations. Second, Plaintiff contends that, following a prior disability hearing and determination, he underwent bi-lateral carpal tunnel release surgery, and that this surgery contradicts the ALJ's finding that his impairments had not significantly improved or worsened. He claims it was therefore improper for the ALJ to assign the RFC from the prior disability hearing and determination in this new determination under *Drummond v. Commissioner of Social Security*, 126

6

F.3d 837 (6th Cir. 1997), and Social Security Acquiescence Ruling 98-4(6). The Commissioner maintains that her final decision should be affirmed, as it is supported by substantial evidence, and the ALJ's determination comported with the relevant SSA rules and regulations.

Remand is not warranted in this case because (1) under the relevant SSA rules and regulations, ALJs are not to provide any analysis about another federal agency's disability determination, and (2) giving the new evidence related to Plaintiff's carpal tunnel release surgeries a "fresh look," as required by applicable Sixth Circuit precedent, the ALJ appropriately found that Plaintiff's RFC was the same as what was determined in his prior disability determination.

A.  ALJ's Consideration of the VA Disability Rating

The VA found Plaintiff permanently and totally disabled, effective May 4, 2018 [Doc. 16-2 p. 8]. Plaintiff contends that under the SSA's rules, the ALJ was required to explain how he considered the VA's disability rating but failed to do so. While Plaintiff acknowledges that an ALJ is not bound by the VA's finding of total disability under the SSA's rules, Plaintiff argues an ALJ cannot simply state that the VA's disability rating does not require any analysis. Rather, according to Plaintiff, although Sixth Circuit precedent does not provide a specific standard for the weight ALJs should afford to a 100% disability determination by the VA, an ALJ must still explain the consideration given to VA disability ratings in the notice of decision [*Id.* at 9].

The VA's disability rating is an adjudicative finding of another agency using that agency's rules and procedures. The SSA has acknowledged that other governmental agencies, such as the VA, may make their own disability determinations. 20 C.F.R. § 404.1504. But their decisions are not subject to the same SSA rules and regulations that ALJs must adhere to in their disability determinations, and they are not binding. The regulations provide:

7

> Other governmental agencies and nongovernmental entities—such as the Department of Veterans Affairs . . . make disability, blindness, employability, Medicaid, workers' compensation, and other benefits decisions for their own programs using their own rules. Because a decision by any other government agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under our rules. Therefore, in claims filed on or after March 27, 2017, we will not provide *any* analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits.

20 C.F.R. § 404.1504 (emphasis added). But the ALJ still must "consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision" received as evidence in a claim. *Id.*

Plaintiff's argument is without merit. In his decision, the ALJ made findings consistent with the applicable SSA rules and regulations:

> The [Plaintiff's] military service-connected disability of 100% from the Department of Veteran's Affairs is unpersuasive. This is a decision by another governmental entity. It is therefore inherently neither valuable nor persuasive under agency regulations, and does not require analysis in this decision. 20 CFR 404.1520(c)(1), 1504.

[Tr. 27].

Plaintiff cites two Sixth Circuit cases involving disability claims filed in May 2015 and August 2006, respectively, for the proposition that the ALJ erred by failing to explain how he considered the VA's disability rating [Doc. 16-2 pp. 8–9 (citing *Joseph v. Comm'r of Soc. Sec.*, 741 F. App'x 306, 307 (6th Cir. 2018); *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377 (6th Cir. 2013))]. Plaintiff's cited authority is inapposite because Plaintiff filed his claim on May 18, 2020 [Tr. 16, 144, 287–94]. As stated above, in January 2017 the SSA revised its medical evidence rules to provide that, for claims filed on or after March 27, 2017, an ALJ "will not provide any

8

analysis" in his decision about a disability decision made by another governmental agency. 20 C.F.R. § 404.1504.

Plaintiff also quotes *LaRiccia* and SSR 06-03p for the proposition that ALJs "should explain" how they considered VA disability decisions [Doc. 16-2 pp. 8–9]. This argument is without merit because the SSA rescinded SSR 06-03p when it amended 20 C.F.R. § 404.1504, effective March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844-01, 5844–45 (Jan. 18, 2017); *see also Revisions to Rules Regarding the Evaluation of Medical Evidence*, 81 Fed. Reg. 62560, 62564–65 (proposed Sept. 9, 2016) ("VA and SSA disability differ significantly in purpose as well as in eligibility criteria . . . . the mere fact that the VA process resulted in a particular disability rating is not predictive or useful evidence of whether the claimant will be found disabled under our rules, even upon consideration of the same impairment(s)."). Because *LaRiccia* relies on SSR 06-03p, Plaintiff's reliance on it is misplaced as well. *LaRiccia*, 549 F. App'x at 387–88.

The Court finds that the ALJ's treatment of the VA disability rating was appropriate in this matter. Remand is not warranted on this basis.

**B.     ALJ's Consideration of Prior ALJ's Disability Determination**

Plaintiff argues the ALJ improperly found that his impairments had not significantly improved or worsened since his March 18, 2020, disability determination. Plaintiff contends the medical evidence establishes that, following the prior disability hearing and determination, he underwent bi-lateral carpal tunnel release surgery [Doc. 16-2 p. 10 (citing Tr. 2346–47, 2534)], and he asserts that this surgery contradicts the ALJ's finding that his impairments had not significantly improved or worsened. According to Plaintiff, it was therefore improper for the ALJ to assign the previous RFC again in this new determination under *Drummond v. Commissioner of*

9

*Social Security*, 126 F.3d 837 (6th Circ. 1997), and Social Security Acquiescence Ruling 98-4(6). Plaintiff contends that had the ALJ found he was limited to only occasional bilateral handling and fingering with the upper extremities as supported by the evidence of record, then he would have been found disabled.

In *Drummond v. Commissioner of Social Security*, the Sixth Circuit directed that "[a]bsent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." 126 F.3d at 842. Following *Drummond*, the Commissioner issued AR 98-4(6), which provides, in part:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

Social Security Acquiescence Ruling 98–4(6), 1998 WL 283902, at *3 (June 1, 1998).

As noted by the Commissioner, in *Earley v. Commissioner of Social Security*, "the Sixth Circuit [] clarified that it had not intended *Drummond* to create a rigid and binding standard that an ALJ was *per se* bound to adopt a prior ALJ's finding during a later unadjudicated period." [Doc. 26 p. 8 (citing *Earley*, 893 F.3d 929, 932–34 (6th Cir. 2018))]. The Sixth Circuit clarified the meaning of *Drummond*, explaining that "[a]n individual may file a second application—for a new period of time—for all manner of reasons and obtain independent review of it so long as the claimant presents evidence of a change in condition or satisfies a new regulatory condition." *Earley*, 893 F.3d at 932. The Sixth Circuit noted that the doctrine of res judicata bars relitigation of the same claim but not litigation of a new claim, specifically pointing out that "[r]es

10

judicata bars attempts to relitigate the same claim, but a claim that one became disabled in 1990 is not the same as a claim that one became disabled in 1994." *Id.* at 933 (quoting *Groves v. Apfel*, 148 F.3d 809, 810 (7th Cir. 1998)). Thus, "[w]hen an individual seeks disability benefits for a distinct period of time, each application is entitled to review." *Id.* Even so, the Court said, "it is fair for an administrative law judge to take the view that, absent new and additional evidence, the first administrative law judge's findings are a legitimate, albeit not binding, consideration in reviewing a second application." *Id.*

The Sixth Circuit explained that the "key principles protected by *Drummond* . . . . do not prevent the agency from giving a fresh look to a new application containing new evidence . . . while being mindful of past rulings and the record in prior proceedings." *Id.* at 931. "[I]n reviewing ALJ decisions with issues concerning past decisions, the courts ask whether the ALJ 'gave the new evidence a fresh look. If so, then the ALJ's decision satisfied *Earley*; if not, then remand [is] appropriate.'" *Johnson*, 2021 WL 5365774, at *4 (quoting *Ferrell*, 2019 WL 2077501, at *4). The "general takeaway has been that *Earley* only requires ALJs to give 'new evidence' a 'fresh look.'" *Id.*

In this case, the ALJ cited to *Drummond* and Social Security Acquiescence Ruling 98-4(6) and stated that

> where a final decision of [the] SSA after a hearing on a prior disability claim contains a finding of a claimant's residual functional capacity, [the] SSA may not make a different finding in adjudicating a subsequent disability claim with an unadjudicated period under the same title of the Act as the prior claim unless new and additional evidence or changed circumstances provide a basis for a different finding of the claimant's residual functional capacity.

[Tr. 27]. While he did not cite *Earley*, the ALJ reviewed the record and found that the evidence did not demonstrate that Plaintiff's impairments had significantly worsened or improved. The ALJ

11

provided a thorough and detailed narrative of the medical evidence from 2019 to 2021, and he explained his reasons why he determined that Plaintiff was capable of performing a reduced range of simple sedentary work [*See* Tr. 22–28]. He specifically articulated how he considered Plaintiff's carpal tunnel release surgeries, and he found that those surgeries were successful and did not necessitate additional limitations beyond those provided in the RFC [Tr. 27–28]. The ALJ found that, within two weeks of each surgery, Plaintiff was reportedly doing well with minimal or well-controlled pain in the affected wrist [Tr. 24, 2346, 2534–36], and Plaintiff was neurovascularly intact following the second surgery, with full range of motion, and his doctor advised him to only avoid using vibrating tools for six to eight weeks, and to return for follow-up appointments on an as-needed basis [Tr. 24, 2534–35]. Ultimately, the ALJ determined that

> the claimant's residual functional capacity with respect to the current decision remains the same as previously found in the Administrative Law Judge decision dated March 18, 2020. The current evidence of record shows [Plaintiff's] impairments have not significantly improved nor worsened. Since the last decision, [Plaintiff's] treatment and symptoms have remained largely the same, and while he has undergone carpal tunnel release surgery since the previous decision, the record indicates this was successful, and would not warrant any additional limitations. As such, the residual functional capacity assigned herein is the same as that assigned under the previous decision.

[Tr. 27–28].

The Court finds that the ALJ has satisfied the requirements set out in *Earley*. The ALJ gave the new evidence a 'fresh look,' and he reasonably determined that Plaintiff's impairments had not significantly improved nor worsened, meaning it was appropriate for the ALJ's formulation of Plaintiff's RFC to be the same as what was assigned under the prior decision. Furthermore, the Court will not disturb the ALJ's evaluation of Plaintiff's limitations, including his carpal tunnel syndrome, as the ALJ's evaluation was supported by substantial evidence and

appropriate under the circumstances.

As for Plaintiff's disagreement with the ALJ's conclusions as to his carpal tunnel syndrome, the Court agrees with the Commissioner that this argument does not warrant remand [Doc. 26 p. 9 (citing *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006)]. While the record may contain evidence of more severe limitations and although Plaintiff would interpret the evidence differently, the Court finds the ALJ's determination was within his "zone of choice." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009) (holding that "[t]he substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way" and that, as long as substantial evidence supports the ALJ's finding, the fact that the record contains evidence which could support an opposite conclusion is irrelevant (quotations omitted)); *see also Huizar v. Astrue*, No. 3:07-CV-411-J, 2008 WL 4499995, at *3 (W.D. Ky. Sept. 29, 2008) ("While plaintiff understandably argues for a different interpretation of the evidence from that chosen by the ALJ, the issue is not whether substantial evidence could support a contrary finding, but simply whether substantial evidence supports the ALJ's findings."). Substantial evidence of an alternative conclusion in the record is not sufficient to reverse an ALJ's decision. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

Plaintiff further asserts that a limitation to only frequent handling and fingering was not supported by substantial evidence, but Plaintiff does not develop this argument [Doc. 16-2 p. 11]. As noted by the Commissioner, Plaintiff does not challenge any other aspect of the RFC finding, nor does he challenge the ALJ's actual RFC analysis. In any case, substantial evidence supports the ALJ's formulation of Plaintiff's RFC. This evidence included the ALJ's finding that Plaintiff's carpal tunnel symptoms improved following surgery [Tr. 24, 2346, 2534–36]. In addition, the ALJ found persuasive the prior administrative medical findings of state agency consultant Michael

13

Ryan, M.D., who adopted the previous ALJ's limitation to frequent manipulative actions because the subsequent evidence did not support additional limitations [Tr. 26–27, 135–37]. Plaintiff has not challenged the ALJ's analysis regarding evaluation of opinion evidence or of subjective allegations as to the intensity of symptoms; thus, further discussion on these points and of the ALJ's final determination of Plaintiff's RFC is unnecessary. The evaluation of a claimant's subjective complaints rests with the ALJ and should not be disturbed absent "compelling reasons." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (quoting *Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 112–13 (6th Cir. 2010)).

## VI. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment [**Doc. 16**] will be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 25**] will be **GRANTED**. The decision of the Commissioner will be **AFFIRMED**. The Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

Jill E. McCook
United States Magistrate Judge